UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWIN LOPEZ<br>51 Bellvue Drive<br>Rochester, NY 14620, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:17-cv-133 |
| NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br>8601 Adelphi Road<br>College Park, MD 20740, | : | |
| Defendant, | : | |
| and, | : | |
| CENTRAL INTELLIGENCE<br>AGENCY,<br>Washington, D.C. 20505 | : | |
| Defendant. | : | |

COMPLAINT FOR INJUNCTIVE RELIEF
[Freedom of Information Act, 5 U.S.C. § 552; Privacy Act, 5 U.S.C. § 552a; and the President John F. Kennedy Assassination Records Collection Act of 1992, 44 U.S.C. § 2107 note]

BACKGROUND

1. Plaintiff EDWIN LOPEZ is currently an attorney engaged in the private practice of law in New York.

1

2. Plaintiff LOPEZ was employed from July 1977 to December 1978 by the United States House of Representatives Select Committee on Assassinations ("HSCA") as a researcher.  As part of his responsibilities with the HSCA LOPEZ was charged with investigating various activities of the CENTRAL INTELLIGENCE AGENCY ("CIA").  As a condition of his employment by the HSCA, LOPEZ was subject to security investigation and review by the CIA.

## JURISDICTION AND PARTIES

3. Plaintiff LOPEZ brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); the Privacy Act, 5 U.S.C. § 552a ("PA"); and the President John F. Kennedy Assassination Records Collection Act of 1992, 44 U.S.C. § 2107 note ("JFK Records Act").

4. Defendant NATIONAL ARCHIVES AND RECORD ADMINISTRATION ("NARA" or "the Archives") is an agency of the United States and has possession or and control over information and records requested by LOPEZ which are the subject of this action.

5. Defendant CENTRAL INTELLIGENCE AGENCY ("CIA") is an agency of the United States and has possession of and control over information and records requested by LOPEZ which are the subject of this action.

## COUNT I – FOIA REQUEST

6. LOPEZ incorporates and realleges the allegations set forth in paragraphs 1 through 5 above.

7. By letter dated December 19, 2014, counsel for LOPEZ submitted a request for records under the FOIA, the PA, and the JFK Records Act to the Special Access and FOIA Staff of the defendant NARA. His request sought:

   1. The 40-page document which is described by RIF #104-10175-10085 (hereafter referred to as "the Ed Lopez file");

   2. Any record reflecting a vote by the Assassination Records Review Board (ARRB) to designating the Lopez file as "NBR" ("Not Believed Relevant") or similar status, or determining that its disclosure should be withheld for a particular period of time, including until 2017;

   3. Any record of the CIA or any other agency reflecting the belief that the Lopez file should or might be given "NBR" status or that its disclosure should be postponed for any period of time, including until the year 2017; and

   4. Any record reflecting that the disclosure of the Lopez file should be postponed in whole or in part for any period of time, including until 2017, was transmitted to, and published in, the Federal Register in accordance with the procedures of the JFK [Records] Act.

See Exhibit 1.

9. NARA responded to the request by letter dated January 7, 2015. See Exhibit 2. NARA acknowledged receipt of the request on December 19, 2014, and assigned it reference number NW 44935. NARA advised it was "currently searching the closed ARRB files for any records that may relate to the ARRB's decision-making on [the Lopez file].

10. By letter dated June 9, 2015, NARA provided a further response to the request, advising that NARA had received a determination from CIA that the document requested, the Lopez file, "is withheld in full pursuant to exemptions (b)(1) and (b)(3)" of the FOIA. NARA advised that the "relevant exemption (b)(3) statutes are Section 6 of the Central Intelligence Agency Act of 1949, as amended, and Section 102A(i)(1) of the National Security Act of 1947, as amended. NARA advised that no records were found in the closed records of the ARRB regarding the Lopez file. NARA advised that no further processing of the request would be made. See Exhibit 3.

11. On August 19, 2016, CIA made an additional response to LOPEZ's request of December 19, 2016. That additional response provided one document which CIA indicated was found by a search of "our previously released database…." The response did not indicate the databases searched by CIA in making the additional response to LOPEZ's request. See Exhibit 4. The provided

document is a cable from Director to Mexico City dated in July, 1978, that does not appear to be responsive to any of the four specific requests made by Mr. Lopez. See Exhibit 5.

12. The remainder of CIA's additional response of August 19, 2016, was ambiguous and not reasonably directed to the actual materials requested by LOPEZ. The additional response was limited to the PA request and, further, the more limited question of whether Mr. Lopez had an "openly acknowledge affiliation with the CIA." The additional response stated that the CIA search "did not locate any responsive records that would reveal" such an affiliation. See Exhibit 4.

13. The CIA's additional response refused to confirm or deny a "classified relationship" between LOPEZ and CIA on the basis of Section 3.6(a) of Executive Order 13526, as amended. Without admitting that such an association existed, the response went on to state that any records reflecting such a relationship "would be properly classified." This portion of the response was, by its terms, to be considered a denial under exemptions (b)(1) and (b)(3) of the FOIA and exemptions (j)(1) and (k)(1) of the PA. The relevant statutes cited under FOIA exemption (b)(3) were Section 6 of the Central Intelligence Agency Act of 1949, 50 U.S.C. § 3507, as amended, and Section 102A(i)(l) of the National Security Act of 1947, 50 U.S.C. § 3024(i)(1), as amended. In this

5

response the CIA attempts to avoid the provisions of 50 U.S. Code § 3141(c)(1) which hinges not on an "openly acknowledged affiliation with the CIA" but on whether the requester is an American citizen or permanent resident. See Exhibit 4.

14. The CIA response of August 19, 2016, was nonresponsive to LOPEZ's request in that it did not address any of the documents requested but only the issue of whether there was ever any classified association between LOPEZ and CIA. LOPEZ first requested a copy of a file that has been made available to NARA that is described by NARA as a CIA file on LOPEZ. LOPEZ provided a specific RIF number for the file. NARA has advised that the file has been withheld in full by CIA. The second group of records requested concern any record in CIA's possession or control that reflects a vote on the designation of this one specific document as "not believed relevant" or any similar status, and disclosure should be postponed. The third request addressed records showing that CIA has determined that the specified file should be given "not believed relevant status" or delayed for any period of time. The fourth request sought any documentation in the possession or control of CIA related to the transmittal to, or publication in, the Federal Register that the specified file should be postponed in whole or part for any period of time. See Exhibit 1.

15. On September 26, 2016, LOPEZ filed an appeal of the CIA response to the CIA Agency Review Panel. <u>See</u> Exhibit 6.

16. No further communications have been exchanged between NARA or CIA and LOPEZ to date.

17. LOPEZ has exhausted his administrative remedies.

18. LOPEZ has a legal right under the FOIA to obtain the records he seeks, and there is no legal basis for NARA and CIA's denial of said right.

## COUNT II – PRIVACY ACT

19. LOPEZ incorporates and realleges the allegations set forth in paragraphs 1 through 5 and 6 through 18 above.

20. LOPEZ's request, by letter from his counsel dated December 19, 2014, for the 40-page document which is described by RIF #104-10175-10085 ("the Ed Lopez file"), was a request for access to information pertaining to himself within the meaning of the PA.

21. LOPEZ has exhausted his administrative remedies.

22. LOPEZ has a legal right under the PA to obtain the records he seeks, and there is no legal basis for NARA and CIA's denial of said right.

## COUNT III – JFK RECORDS ACT

23. LOPEZ incorporates and realleges the allegations set forth in paragraphs 1 through 5 and 6 through 18 above.

24. Upon information and belief, the ARRB, CIA and NARA have not followed proper procedures as required by the JFK Records Act in designating the Lopez file as NBR.

25. Upon information and belief, the ARRB, CIA and NARA have not followed proper procedures as required by the JFK Records Act to determine that its disclosure should be postponed for a particular period of time, including until 2017.

26. The Lopez file is illegally and improperly withheld under the provisions of the JFK Records Act.

WHEREFORE, Plaintiff prays that this Court:

1) order defendants to make the requested information promptly available to him;

2) order defendants to conduct a thorough search for all responsive records, including but not limited to any and all operational information and records, including but not limited to any records maintained under any code name, pseudonym, alias or cryptonym;

3) order defendants to provide plaintiff a *Vaughn* index inventorying all responsive records and itemizing and justifying all withholdings;

4) order that any materials found by this Court to be exempt from disclosure be preserved by the CIA until further order of this Court permits their destruction;

5) expedite this action in every way pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1657;

6) order defendant CIA to comply with 50 U.S. Code § 3141(c)(1) by either producing the documents requested or stating whether it disputes LOPEZ's United States citizenship and the basis for any such dispute;

7) order the defendants fully comply with the JFK Records Act in regard to the Lopez file;

8) award plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

9) order defendants to conduct such discovery as may be warranted; and

10) order such other and further relief as may be warranted.

                                      Respectfully submitted,

                                      /James H. Lesar/

                                      _____
                                      James H. Lesar #114413
                                      930 Wayne Ave., Unit 1111
                                      Silver Spring, MD 20910
                                      Phone: (301) 328-5920
                                      Counsel for Plaintiff

                                      /Dan L. Hardway/

                                      _____
                                      Dan L. Hardway #WV0001
                                      PO Box 625
                                      Cowen, WV 26206
                                      Phone (919) 639-7145
                                      Counsel for Plaintiff

Dated: January 17, 2017